### No. 551
### STATE ex v. GILLEN
No. 18925. Supreme Court

In Quo Warranto. Dock. Jan. 22, 1925; 3 Abs. 66.

865. OFFICE AND OFFICERS—Is mayor of municipality disqualified to act as such when elected to state senate?

This is an action in quo warranto, brought by William Gettles against Roy Gillen. Gettles was president of the Council of the city of Wellston and Gillen was mayor of said city, entering upon his duties as such in January, 1924. In November, 1924, Gillen was a candidate for, and was elected to the office of state senator for the 78th Senatorial District of Ohio, and on Jan. 12, 1925, said Gillen entered upon his duties as state senator. Gettles made demand of Gillen to surrender the office of mayor, who refused to do so, and attempted to exercise the duties of said office.

It is declared that thereafter Gettles qualified as mayor and has been willing and ready to perform all the duties devolving upon him as said mayor, but has been prevented from so doing by acts and actions of said Gillen. Gettles asks that Gillen be adjudged not entitled to said office of mayor, that a judgment of ouster be pronounced against him, and that he (Gettles) be adjudged entitled to said office of mayor.

Gettles contends that the defense of Gillen which set up that Gettles was ineligible to hold office of mayor is demurrable because it acter, and that the Court is without jurisdiction does not state a defense in case of this chartion to hear, and determine such a defense.

It is claimed that the offices of state senator and mayor of a municipality in Ohio are incompatible. Sec. 4, Art. 2, of the Constitution provides:—"no person holding office under the authority of this state, shall be eligible to or have a seat in the general assembly; but this provision shall not extend to township officers, justices of the peace, notaries public or officers of the militia."

In conclusion, it is contended that president of Council becomes mayor upon disqualification of mayor under 4274 GC.

Attorneys—Joseph McGhee and P. E. Dempsey, for Gettles, both of Columbus.

### No. 552
### HERRING MOTOR CAR CO. v. STAAS
No. 19062. Supreme Court

On motion to certify. Dock. April 8, 1925; 3 Abs. 249.

355. DAMAGES—Would throwing of lighted match into gasoline tank, after motor truck has been permitted to remain standing, be such intervening cause as to exempt owner from liability?

Ozro Staas brought his action in the Allen Common Pleas by his next friend, Wilson Staas, against the Herring Motor Co. for damages; by reason of injuries sustained when a gasoline tank in a truck alleged to have been owned by the Motor Co. exploded. It seems that Ozro in company with two other youngsters, ranging from 12 to 14 years of age went to the truck in question. The Staas boy, it was claimed, was on the running board and the other two were in the seat. One of them lit a cigarette and threw the match into the tank and immediately jumped from the seat. Immediately there was an explosion, the end of the tank being forcibly thrown against young Staas, whereby he was injured.

Staas in his petition alleged that the Motor Co. allowed a motor truck to remain in an alley, in Lima, unguarded and without any protection whatsoever, abandoned and unused and without any warning or advice as to the condition and contents of the truck and tank, and with the tank filled or partially filled with gasoline, for an unreasonable length of time. The theory of Staas' case was that the Motor Co. had unlawfully used a portion of a public alley by allowing the truck to stand therein for an unreasonable length of time in violation of 13421 GC. Judgment in the Common Pleas was rendered in favor of Staas.

Error was prosecuted and the Company contended; that the trial court erred in not directing a verdict in its favor, for Staas introduced no evidence tending to show that the truck was placed in the alley by the Motor Co.; that there was no evidence tending to show knowledge or notice of any kind whatsoever to the company. Company contended that even if it did place the truck in the alley, permitting it to remain, that was not the direct and proximate cause of the injury, for there was an intervening act, mischievously and maliciously caused by one of the boys which was the controlling cause of the injury and without which Staas could not have been injured. The Court of Appeals affirmed the judgment of the Common Pleas. The Motor Car Co. brings the cause to the Supreme Court and maintains:

1. The malicious throwing of the lighted match into the gasoline tank was such an intervening cause as exempted it from liability.

2. The charge of the court was prejudicial to rights of Motor Car Co. It erred in defining negligence and it should have instructed the jury as to proximate and intervening cause.

3. Motor Car Co. owed Staas no duty except to refrain from wantonly and wilfully injuring him and to exercise ordinary care after discovering him to be in peril. This rule is not altered by the fact that injured person is child of tender years.

Attorneys—C. H. Henkel; Mansfield, Roby & Jackson, Lima, for Motor Car Co.